COMMONWEALTH *vs.* CALVIN LEAVITT.

If a complaint for permitting cattle under the care of the defendant to go upon sidewalks of a city in violation of a city ordinance is sought to be supported by proof that he hired and paid some of the drivers who had the immediate charge of them and who permitted them to go upon the sidewalks, he may, in reply, introduce evidence of a conversation between himself and the owner of some of the cattle, in which such owner requested him to employ and pay those drivers. But the way bills of the cattle, on a railroad, are not admissible to show that he did not own them.

COMPLAINT for permitting cattle under the care of the defendant to go upon the sidewalks of a public highway, in Cambridge, in violation of a city ordinance.

At the trial in the superior court, before *Wilkinson, J,* two

witnesses were called on the part of the Commonwealth who testified that the defendant employed them to drive the cattle as stated in the opinion, and paid them; there being six or seven drivers in all; and that the defendant was not with them in driving the cattle through Cambridge. There was evidence to show that the cattle went upon the sidewalks, as alleged.

The defendant called one Harding as a witness, and offered to prove by him that an owner of some of the cattle requested the defendant to employ two men to assist in driving the drove to Brighton, and to pay them; but the evidence was excluded. The defendant then offered to prove by the way-bills on the railroad that he did not own the cattle; but this also was excluded.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*P. E. Tucker*, for the defendant.

*I. S. Morse*, for the Commonwealth.

CHAPMAN, J. The evidence that the defendant employed two men to assist in driving the cattle from the Boston and Maine depot through Cambridge to Brighton; that he went with one of the men from the depot almost to Cambridge bridge, and there took a horse car for Brighton, and met the men at Brighton and paid them after they had finished their work, tended to show that he was the owner of the cattle, or the agent of the owner employed in driving them. In either case he would be liable. But the evidence offered by him that a person who was the owner of a part of the cattle requested him to employ two men to assist in driving them, and to pay them at Brighton, tended to explain these acts and to show that he performed them merely as a servant of the owner, employed to hire and pay men. If the hiring and payment of the men constituted all his agency in the matter, he would not be liable, because the men were not acting for him or under his control. His agency would not extend to the manner of doing the work.

If he had assisted the men in driving the cattle through Cambridge, he would be liable on that account; but it does not appear that he rendered any such assistance. The testimony of Harding ought to have been admitted.

It is objected that it was a mere conversation. But it was a conversation containing a request of the owner that the defendant would do him a service, and such a request is a fact, and admissible in evidence as such.

The way-bills that were offered were clearly inadmissible, and were properly rejected; but, for the rejection of Harding's testimony, the exceptions must be sustained.